## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 19-18662 |
| | ) | |
| NOHEMI SANCHEZ, | ) | Judge Baer |
| | ) | |
| Debtor. | ) | Chapter 13 |

### NOTICE OF MOTION

*To the following parties that have been noticed by CM/ECF electronic delivery:*
U.S. Trustee, 219 S. Dearborn, Suite 873, Chicago, IL 60604
Chapter 13 Trustee Glenn Stearns, 801 Warrenville Road, Suite 650, Lisle, IL 60532

*To the following parties that have been noticed by first-class U.S. Mail, postage prepaid:*
See Attached List

**PLEASE TAKE NOTICE** that on August 23, 2019, at 9:30A.M., I shall appear before the Honorable Judge Janet Baer at the Kane County Courthouse, 100 S. Third St., Courtroom 240, Geneva, IL 60134, or any other Judge presiding in her stead, and then and there present the attached **MOTION TO AUTHORIZE SETTLEMENT**, at which time and place you may appear.

By: /s/ Dustin B. Allen
Dustin B. Allen, Attorney at Law

### CERTIFICATE OF SERVICE

I, Dustin B. Allen, hereby certify that this Notice and all attachments were served in the manner described upon the parties named above, on or before August 16, 2019, before 5:00PM, under penalty of perjury.

By: /s/ Dustin B. Allen
Dustin B. Allen, Attorney at Law
ARDC#6312451
Counsel for Debtor
2100 Manchester Road, Suite 949
Wheaton, IL 60187
Phone: 773-980-9004

## Service List

*To the following parties that have been noticed by first-class U.S. Mail, postage prepaid:*

Nohemi Sanchez
2971 Scott Court
Lisle, IL 60532

Capital One Auto Finance
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Commonwealth Edison Company
Bankruptcy Department
1919 Swift Drive
Oak Brook, IL 60523

Illinois Tollway
PO Box 5544
Chicago, IL 60680

Sprint Corp
Attention Bankruptcy
PO Box 7949
Overland Park, KS 66207-0949

City of Chicago Department of Finance
c/o Arnold Scott Harris P.C.
111 W. Jackson Ste. 600
Chicago, IL 60604

Anthony Norton
2971 Scott Court
Lisle, IL 60532

Commonwealth Finance
245 Main St.
Dickson City, PA 18519

Credit Protection Assoc
13344 Noel Rd, Suite 2100
Dallas, TX 75240

Fedloan Servicing
POB 60610
Harrisburg, PA 17106

Midland Funding, LLC
320 East Big Beaver
Troy, MI 48083

Peoples Energy
200 E. Randolph
Chicago, IL 60601

Professional Account Management, LLC
PO Box 741
Milwaukee, WI 53201

Real Time Resolutions
1349 Empire Central Drive Suite 150
Dallas, TX 75247

Real Time Resolutions
PO Box 1259
Oaks, PA 19456

Source Receivables Manag
PO Box 4068
Greensboro, NC 27404

Verizon Wireless Bankruptcy Administration
500 Technology Drive, Suite 550
Saint Charles, MO 63304

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In Re: ) Case No. 19-18662
)
NOHEMI SANCHEZ, ) Judge Baer
)
Debtor. ) Chapter 13

## MOTION TO AUTOHRIZE SETTLEMENT

NOW COMES the Debtor, NOHEMI SANCHEZ, by and through their attorney, Dustin B. Allen, Attorney at Law, to present this Motion to Authorize Settlement, and in support thereof, states as follows:

1. The Debtor filed for relief under Chapter 13 of Title 11 of the United States Code on July 1, 2019. The plan has not yet been confirmed, and the first conformation hearing is set for September 6, 2019.

2. At the time of the case being filed, the Debtor listed on Schedule A/B a wrongful termination lawsuit with an unknown value against her former employer. The Debtor claimed a $3,700.00 wildcard exemption on the proceeds on Schedule C.

3. On August 6, 2019, the Debtor reached a settlement with her former employer. While her former employer denied the allegations in the complaint, to avoid "costly, disruptive, and time-consuming" litigation, they agreed to pay the Debtor a sum of $15,000.00. See Exhibit A (Settlement Agreement).

4. The $15,000.00 will be paid as follows: $6,000.00 directly to the Debtor's attorney for representing her in this matter, $3,000.00 to be paid to the Debtor as lost wages (for which a W-2 shall issue), and $6,000.00 to be paid to the Debtor as non-wage income (for which a 1099 shall issue). The settlement funds issued to the Debtor will be less applicable deductions required by law.

5. The Debtor's understanding is that after the attorney's fees of ($6,000.00), estimated taxes on

the award of $2,655.00, and her $3,700.00 wildcard exemption, a sum of $2,645.00 will remain.

6. During the Debtor's §341 meeting, Debtor's counsel understood there to be a suggestion that the non-exempt net proceeds of this settlement may be required to be paid into the Chapter 13 plan upon receipt.

7. The Debtor's position is that a pre-petition asset, converted to cash post-petition may not be required to be paid into the Chapter 13 plan. *In re Burgie*, 239 B.R. 406, 410 (B.A.P. 9th Cir.1999) ("Postpetition disposable income does not include prepetition property or its proceeds. This is the chapter 13 debtor's bargain. Creditors of a chapter 13 debtor have no claim to any of these assets"); *In re Golek*, 308 B.R. 332 (Bankr. N.D. IL 2004) (Judge Black) (in the context of a post-petition sale of pre-petition real estate, "sustaining the trustee's objection in this case would allow the trustee to do something post-confirmation that she was not able to do at the time of confirmation: force the debtor to use a pre-petition asset to fund the plan."); *In re Mangum*, 343 B.R. 185, 188 (N.D. IL Bankr. 2006) (Judge Doyle) ("Chapter 13 allows a debtor to keep her equity in those assets if she pays her unsecured creditors in accordance with the requirements of §1325.").

8. While the value of these settlement proceeds are important to the Best Interest Test under 11 U.S.C. §1325(a)(4), the Plan currently provides that the general, unsecured creditors receive more than the anticipated non-exempt net proceeds, and the Trustee may always object to confirmation of the plan if that ceases to be the case.

9. As a result, the Debtor respectfully requests that this Honorable Court enter an order authorizing the disbursement of the settlement proceeds as stated in the Settlement Agreement.

WHEREFORE, the Debtor prays that this Court enter an Order authorizing the settlement of the wrongful termination lawsuit, authorizing the disbursement of settlement proceeds to the Debtor, and for such further relief that this Court may deem just and proper.

Respectfully Submitted,

/s/ Dustin B. Allen
Dustin B. Allen, Attorney at Law
ARDC#6312451
Counsel for Debtor
2100 Manchester Road, Suite 949
Wheaton, IL 60187
Phone: 773-980-9004

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Agreement") is made the last date written below by and between Buildingstars Management, Inc., including its past and present officers, directors, agents, employees, representatives, divisions, successors, assigns, affiliated, related and/or parent entities, including but not limited to Buildingstars Chicago, Inc. and Buildingstars Operations, Inc. ("Buildingstars") and ~~Naomi~~ Sanchez (hereinafter "Sanchez") (collectively, "the Parties"). NS Nohen CB

**WHEREAS,** Sanchez has filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"), Charge No. 440-2019-04581 (the "Charge") naming Buildingstars as the Respondent and alleging sex discrimination, retaliation and other violations of the law, among other things; and

**WHEREAS,** Buildingstars deny the allegations made in the Charge.

**WHEREAS,** the Parties recognize that continuation of these disputes could be costly, disruptive, and time-consuming. Accordingly, to avoid the time, expense and uncertainties of continuing these disputes, the Parties now desire to resolve these disputes between them on the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the foregoing and the mutual promises, representations, and undertakings of the parties set forth herein, the adequacy and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. <u>Consideration.</u> Buildingstars for all of the promises of Sanchez as set forth herein and in full and complete settlement of Sanchez's claims, including but not limited to any claims that have been made or could have been made in the Charge, agrees to pay the total amount of Fifteen Thousand Dollars and no/100s ($15,000.00), less applicable deductions required by law or authorized by Sanchez, payable in three checks: one check to Spielberger Law Group in the amount of six thousand dollars and no/100s ($6,000.00) for attorneys' fees and costs, one check to Sanchez in the amount of six thousand dollars and no/100s ($6,000.00) for non-wage damages, for which a 1099 will issue, and one check to Sanchez for three thousand dollars ($3,000.00) for lost wages, for which a w-2 will issue (collectively, the "Payment"). Buildingstars shall have no obligation to make any further payment to Sanchez (including without limitation, salary, commissions, vacation pay, or severance pay, and shall have no obligation to provide Sanchez with any fringe benefits (including without limitation, life insurance, dental insurance, health and medical insurance, and disability protection). Sanchez agrees to file a withdrawal of her charge with the EEOC and the IDHR. Buildingstars will make the Payment to Sanchez within ten (10) days after (1) receipt of the filed withdrawal of her Charge before the EEOC and IDHR, (2) a w-9 from the Spielberger Law Group and from Sanchez, and (3) written approval by the bankruptcy trustee or the bankruptcy court, whichever is required, or proof that the Chapter 13 bankruptcy petition Sanchez filed on July 1, 2019 has been discharged and that the Trustee consents in writing to this Agreement.

Exhibit A

2. <u>Taxation</u>.   Sanchez further acknowledges that Buildingstars has neither represented nor guaranteed that the payment referenced in Paragraph 1 above will be non-taxable. If a determination is subsequently made that taxes on the amount provided are due, Sanchez agrees that she shall be exclusively liable for the payment of any and all personal federal, state, local, FICA or other taxes and agrees she will pay such taxes at such time and in such amount required of her and, further, agrees to indemnify and hold harmless Buildingstars for any liability incurred by Buildingstars because of Sanchez's failure to pay such taxes, assessments or reimbursements. Sanchez further acknowledges that Buildingstars has not provided any legal or tax advice to Sanchez. Sanchez expressly represents, covenants and warrants that she has sought out her own legal and tax advice with respect to any tax obligations arising as a consequence of this settlement. Sanchez has filed a Chapter 13 bankruptcy petition on July 1, 2019 and the Payment is an asset of the bankruptcy estate.

3. <u>Release of Claims by Sanchez</u>.   By execution of this Agreement, Sanchez does hereby for herself, her heirs, executors, administrators, successors and assigns, release, acquit and forever discharge Buildingstars, Buildingstars's current and former employees, trustees, directors, officers, attorneys, agents, representatives, successors, assigns, affiliates, and related entities ("Released Parties") from any and all claims made, to be made or which might have been made of any nature or kind from the beginning of time, including, but not limited to, any claim arising as a consequence of her employment by Buildingstars, or arising out of the ending of the employment relationship, or arising out of any acts committed or omitted before, during, or after the employment relationship with Buildingstars, up through and including the date of this Agreement. Such release and waiver of claims will include, but shall not be limited to, the Charge, those claims which were or could have been the subject of an administrative or judicial proceeding filed either by Sanchez or on her behalf under any federal, state or local law, regulation, or ordinance including, but not limited to, any claims under Titles 29 and 42 of the United States Code, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, the Employee Retirement Income Security Act of 1974 (ERISA), the Occupational Safety and Health Act, as amended, the Older Worker Benefit Protection Act, the Age Discrimination in Employment Act of 1967, as well as, but not limited to, any claim, right or cause of action under the statutes and laws of the State of Illinois, including but not limited to any claims under the Constitution for the State of Illinois, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, the Illinois Human Rights Act, any applicable city ordinances for the city of Chicago, for retaliation or intentional infliction of emotional distress, for wrongful discharge, or any other claim, as well as any claim under any other federal, state, or local law, ordinance or regulation regarding employment, discrimination in employment or termination of employment, any claims or actions at common law or equity, in contract or tort, including any claim of wrongful or retaliatory discharge, breach of public policy, breach of contract, detrimental reliance, promissory estoppel, intentional or negligent infliction of emotional distress, fraud, misrepresentation or interference with business relationship, all claims for back pay, front pay, lost wages, earnings, employee benefits, seniority, reinstatement, service letter, attorney's fees, costs, damages whether actual, liquidated, compensatory or punitive, and any other claims for legal or equitable relief. Sanchez covenants not to file any claims or suits against the Released Parties with respect to any claim released pursuant to this Agreement. Nothing within this document is intended to request or require Sanchez to waive any non-waivable rights she may

2

possess under the law. It is understood by the Parties that this Agreement does not prohibit any claims or causes of action which arise after the effective date of this Agreement.

      4.    <u>Withdrawal of Charge.</u> Upon the execution of this Agreement, Sanchez shall withdraw the Charge by executing and filing a withdrawal of her Charge from the EEOC.

      5.    <u>Proceedings On Sanchez's Behalf.</u> Sanchez waives any right to file or have filed on her behalf, any lawsuits against the Released Parties of whatever nature, based either directly or indirectly, in whole or in part upon any actions or events which occurred or did not occur during her employment with Buildingstars or upon any other actions or events which occurred or did not occur through the effective date of this Agreement. If any court or administrative agency rules such waiver is ineffective, Sanchez hereby expressly declines any relief obtained as a result of any such action, including any right for damages or compensation. Nothing in this Agreement shall be construed to prevent Sanchez from filing a charge with, or participating in an investigation conducted by, any governmental agency, including, without limitation, the United States Equal Employment Opportunity Commission, the Illinois Department of Human Rights, the Department of Labor or the National Labor Relations Board. Nevertheless, Sanchez understands and agrees that Sanchez is waiving any relief available (including, for example, monetary damages or reinstatement), under any of the claims and/or causes of action waived in this Agreement, including but not limited to financial benefit or monetary recovery from any lawsuit filed or settlement reached by the government agency with respect to any claims released and waived in this Agreement. In addition, nothing in this Agreement prevents or prohibits Sanchez from providing truthful information regarding Employee's former employment relationship with Buildingstars, as may be required by law or legal process.

      6.    <u>Waiver of Right to Rehire.</u> Sanchez hereby further waives any right to reinstatement or future employment with Buildingstars, covenants and agrees not to apply for or otherwise seek employment with any of the Released Parties, and acknowledges and understands that if she were to apply for a position of employment with any of the Released Parties, she will have no cause of action against any of the Released Parties if she is rejected for the position for which she applied. Buildingstars agrees to provide Sanchez with a neutral letter of reference verifying her dates of employment and her last position held.

      7.    <u>Confidentiality of Agreement.</u> It is further stipulated and agreed, as part of the consideration of this Agreement, that Sanchez shall treat this Agreement as confidential. Neither the Agreement itself nor its terms and conditions shall be disclosed, other than as permitted or required by a court of competent jurisdiction or other requirement of law, by Sanchez except to Sanchez's spouse, attorneys, and financial advisors, if any, (all of whom are bound by these confidentiality requirements) to the extent necessary for them to provide relevant advice. Except as provided herein, Sanchez agrees not to identify or reveal any terms of this Agreement to any other person, except to say that her Charge was dismissed. The Parties further agree that a breach of this confidentiality provision shall be considered a material breach of this Agreement.

      8.    <u>Non-disparagement.</u> Sanchez agrees that, except as may be required by law, court order, or to enforce this Agreement, Sanchez will not make any statement, oral or written, which is materially detrimental to the reputation or goodwill of Buildingstars, including any other

person or entity released by this Agreement, including the officers, employees and representatives of Buildingstars.

9. **No Inference of Liability From Offer or Agreement.** Neither the offer of this Agreement nor this Agreement itself shall constitute or be construed as an admission by any of the Released Parties of any liability or wrongdoing or any violation of federal, state or local laws, regulations, ordinances, executive orders or common law, and, to the contrary, any such interpretation or inference is specifically denied.

10. **Attorneys' Fees and Costs.** Each Party will bear her or its own attorneys' fees and costs except as provided herein. The prevailing party in any action to enforce this Agreement will be entitled to its or her reasonable attorneys' fees and costs.

11. **Governing Law.** This Settlement Agreement and Release shall be governed by and construed according to the laws of the State of Illinois.

12. **Conflict.** Nothing contained in this Agreement shall be construed to require the commission of any act contrary to law or to be contrary to law, and wherever there is any conflict between any provision of this Agreement and any present or future statute, law, governmental regulation or ordinance contrary to which the parties have no legal right to contract, the latter shall prevail, but in such event, the provisions of this Agreement affected shall be curtailed and restricted only to the extent necessary to bring them within legal requirements.

13. **Binding Authority and Benefit.** This Agreement and its promises, covenants, rights and obligations, shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and assigns.

14. **Severability.** The covenants of this Agreement are severable and if any clause(s) shall be found unenforceable, the entire document shall not fail but shall be construed and enforced without any severed clause(s) in accordance with the terms of this document.

15. **Headings.** The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any portion of this Agreement.

16. **Consideration Acknowledged.** The Parties hereby acknowledge that the covenants in this Agreement provide good and sufficient consideration for every promise, duty, release, obligation and right contained in this Agreement.

17. **Complete Agreement.** This Settlement Agreement and Release constitutes the entire agreement between the Parties on the subject matters hereof and supersedes and replaces any and all other understandings, obligations, representations and agreements, whether written or oral, express or implied, between or by the Parties. Any amendment, modification, or additions to this Agreement must be reduced to a writing specifically mentioning this Settlement Agreement and Release and duly executed by all of the Parties to be effective.

18. **Parties' Understanding.** The parties state that they have read and fully understand this Agreement which consists of eighteen (18) numbered paragraphs and five (5) pages and state

that they are executing this Agreement of their own free will and voluntary act without threat, duress or coercion and that no promises inconsistent with this Agreement have been made to them.

<The Remainder of this Page is Intentionally Blank>